UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ONSITE FLEET, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:23-cv-01071 |
| NISSAN NORTH AMERICA, INC., | ) ) ) |
| Defendant. | ) ) |

# MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Nissan North America, Inc.'s ("Nissan") Motion to Correct Judgment (Doc. No. 294) brought pursuant to Federal Rule of Civil Procedure 60(a), to which Plaintiff OnSite Fleet, LLC ("OnSite") has responded (Doc. No. 297), and Nissan has replied (Doc. No. 299). For the following reasons, Nissan's motion will be denied.

## I. BACKGROUND

From January 14 to 21, 2025, the Court conducted a five-day trial on the instant matter. After OnSite's close of proof, the Court granted Nissan's motion for judgment as a matter of law on OnSite's racial discrimination claim brought under Section 1981 of the Civil Rights Act of 1991 ("Section 1981"), and dismissed that claim and OnSite's request for punitive damages from the case. At the close of trial, the jury returned a unanimous verdict on the parties' remaining claims, finding that OnSite did not breach the Professional Services Agreement ("PSA"); Nissan did not breach the PSA; and Nissan did not unlawfully retaliate against OnSite in violation of Section 1981. (Doc. No. 289). The same day the jury reached its unanimous verdict finding that no party prevailed on their respective claims, the Court entered a Judgment stating in pertinent part:

**IN ACCORDANCE WITH THE VERDICT OF THE JURY RENDERED ON January 22, 2025, NEITHER PARTY IS ENTITLED TO JUDGMENT BECAUSE NEITHER PARTY PREVAILED ON THEIR CLAIMS.**

(Doc. No. 292).

## II. ANALYSIS

Nissan seeks amendment to the Judgment under Rule 60(a), arguing that the statement that "neither party is entitled to judgment because neither party prevailed on their claims" was made in error. (Doc. No. 294 at 2). Rule 60(a) provides, in relevant part:

> The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice.

Fed. R. Civ. P. 60(a). As the Sixth Circuit instructs, "[t]he basic purpose of the rule is to authorize the court to correct errors that are mechanical in nature that arise from oversight or omission." In re Water, 282 F.3d 434, 440 (6th Cir. 2002) (citing 11 C. Wright & A. Miller, Federal Practice and Procedure § 2854, at 240 (2d ed. 1995)). "Clerical mistakes include those made by judges as well as ministerial employees." Id. (citing Blanton v. Anzalone, 813 F.2d 1574, 1577 (9th Cir. 1987)). By contrast, Rule 60(a) does not "authorize the court to revisit its legal analysis or otherwise correct an 'error[] of substantive judgment.'" Id. (quoting Olle v. Henry & Wright Corp., 910 F.2d 357, 364 (6th Cir. 1990)); see Jones v. Anderson-Tully Co., 722 F.2d 211, 212–13 & n.3 (5th Cir. 1984) (if an error affects the substantive rights of the parties, it must be corrected under Rule 60(b)).

The distinction between "clerical mistakes" and "errors of substantive judgment" is readily apparent:

> The basic distinction between "clerical mistakes" and mistakes that cannot be corrected pursuant to Rule 60(a) is that the former consist of "blunders in execution" whereas the latter consists of instances where the court *changes its mind,* either because it made a legal or factual mistake in making its original

> determination, or because on second thought it has decided to exercise its discretion in a manner different from the way it was exercised in the original determination.

In re Water, 282 F.3d at 440 (quoting Blanton, 813 F.2d at 1557 n.2). Ultimately, "a court properly acts under Rule 60(a) when it is necessary to 'correct mistakes or oversights that cause the judgment to fail to reflect what was intended at the time of trial[,]'" such that the court has "undertaken to 'make the judgment [] speak the truth[,]'" but not when it acts because it had second thoughts. Id. (quoting Vaughter v. Eastern Air Lines, Inc., 817 F.2d 685, 689 (11th Cir. 1987)).

Nissan argues that the Court should amend the Judgment pursuant to Rule 60(a) from stating that neither party is entitled to judgment to "reflect the fact that Nissan is entitled to judgment on the claims for which the Court and the jury found it was not liable at trial, namely, OnSite's claims for race discrimination, retaliation, and breach of contract, and that OnSite is entitled to judgment on Nissan's breach of contract counterclaim." (Doc. No. 294 at 1). In response, OnSite asserts that Rule 60(a) is not the proper vehicle for this motion, as "the 'no judgment' order [] was not a clerical error" and is consistent with circuit court authority indicating that in some circumstances a case may have no prevailing party. (Doc. No. 297 at 2–3). While both parties' briefing yet again leaves something to be desired, the Court agrees with OnSite and finds no merit to Nissan's motion.

A brief review of the record reveals that Nissan's motion is meritless. There is no clerical error in the Judgment. As discussed, the Court dismissed OnSite's racial discrimination claim and its request for punitive damages before the close of proof. See supra, Section I. Then, the jury unanimously found no party prevailed on any of the remaining claims. (Doc. No. 289). Consistent with the Court's ruling on OnSite's racial discrimination claim, and the jury's verdict on the parties' remaining claims, the Judgment states that no party prevailed on their claims. (Doc. No. 292). Considering this record, the Court finds that the Judgement "speak[s] the truth," in that it

3

reflects exactly what occurred at trial. <u>Vaughter</u>, 817 F.2d at 689. Because the Court strains to find any error in the Judgment that needs correcting, the Court finds no "blunder[] in [its] execution" that requires amendment under Rule 60(a). <u>Blanton</u>, 813 F.2d at 1557 n.2.

Neither of Nissan's arguments to the contrary change the Court's view. True, Nissan's first argument—that the verdict form does not state that "neither party is entitled to judgment"—is technically correct. (Doc. No. 294 at 2; <u>see</u> Doc. No. 289). However, what Nissan leaves out of its briefing is that the verdict form similarly does not state the converse. (<u>See</u> Doc. No. 289). Nissan's second argument—that each party is entitled to judgment on the claims for which the jury and the Court found them not liable—is as conclusory as it is unsuccessful. (Doc. No. 294 at 2). It goes without saying that when a party bringing a claim is not awarded judgment in its favor, judgment is for the defending party. But if Nissan wanted the Judgment to explicitly state as much in this circumstance—where *neither* party succeeded at trial—it should have said so during the numerous conferences with OnSite and the Court that occurred prior to and during trial. Considering there is nothing in the record indicating Nissan requested as much, Nissan's argument has no footing as a matter of purported "clerical error" under Rule 60(a). <u>See</u> <u>infra</u>. And to the extent Nissan attempts to skeletally argue a more substantive error here, Rule 60(a) is not a suitable vehicle to do so. <u>Blanton</u>, 813 F.2d at 1557 n.2.

Nor does Nissan's belated reliance on Rule 60(b) in its reply save its motion.[1] (Doc. No. 299 at 1 n.1). In a footnote, Nissan contends that whether the Court views Nissan's motion as

---

[1] The Court need not address Nissan's other arguments in its reply, including that there is "no dispute the Judgment is erroneous" and that OnSite "does not challenge that Nissan is entitled to judgment," (<u>see</u> Doc. No. 299), as those assertions are proven false upon taking even a glance at OnSite's response. (<u>See</u> Doc. No. 297 at 1 ("the 'no judgment' order [] was not clerical error"), 2 (relying on circuit court precedent stating that lawsuits "can have no prevailing party"), 3 ("the Court's order was consistent with the jury verdict that neither party prevailed on their respective claims")).

4

brought under Rule 60(a) or 60(b) is of no moment. (Id.). Nissan reasons that "[t]o the extent the Court finds Rule 60(b) more fitting," it also "permit[s] corrections on the grounds of 'mistake.'" (Id.). Setting aside that Nissan waived any argument that it premises its motion on Rule 60(b) by failing to invoke Rule 60(b) in its opening brief, Nissan's tardy reliance on the rule here fails on its face. See Swain v. Comm'r of Soc. Sec., 379 F. App'x 512, 517 (6th Cir. 2010) (affirming district court's finding that a claimant waived arguments not raised in his merits brief); c.f. United States v. Jerkins, 871 F.2d 598, 602 n.3 (6th Cir. 1989) ("It is impermissible to mention an issue for the first time in a reply brief because the appellee then has no opportunity to respond.") (citation and quotations omitted).

Critically, Nissan's position takes for granted the obvious: Rules 60(a) and (b) are two different federal rules, and the word "mistake" in each has two different meanings and applications. While Rule 60(a) is invoked to amend mistakes from clerical errors, see infra, as relevant here, Rule 60(b)(1) counsels for relief from a final judgment "when the judge has made a substantive mistake of law or fact in the final judgment[.]" United States v. Reyes, 307 F.3d 451, 455 (6th Cir. 2002) (citing Cacevic v. City of Hazel Park, 226 F.3d 483, 490 (6th Cir. 2000)); see Fed. R. Civ. P. 60(b)(1). The Court need not do a thorough review of whether Rule 60(b)(1) applies because even in its second bite at the apple, Nissan makes *no* substantive attempt to argue that the Court made a mistake of law or fact in the Judgment. (See Doc. No. 299). In fact, Nissan implies that it did not intend to assert as much.[2] (See id. at 2 ("The purpose of the Motion was not to argue

---

[2] Perhaps Nissan did not argue legal error because, as suggested by the cases OnSite relies upon addressing motions for attorneys' fees, the Judgment is sound. See, e.g., Royal Palm Properties, LLC v. Pink Palm Properties, LLC, 38 F.4th 1372, 1380 (11th Cir. 2022) ("When the resolution of the parties' legal dispute does not result in a material change in their legal relationship, there is, by the Supreme Court's definition, no prevailing party."); East Iowa Plastics, Inc. v. PI, Inc., 832 F.3d 899, 907 (8th Cir. 2016) ("Where the parties achieve a dead heat, we don't see how either can be declared the 'prevailing party.'").

5

that Nissan should be deemed the prevailing party . . . rather, the point was to correct the Judgment to reflect Nissan's entitlement to judgment based on the Court's rulings and the jury's verdict."). Accordingly, there is no basis upon which to grant Nissan's motion.

### III. CONCLUSION

Ultimately, were the Court to amend the Judgment to reflect that each party prevailed on the other's claims, it would be because it changed its mind or the Judgment contained a legal or factual error (one unnamed in Nissan's briefing), not because of a clerical mistake. Such a ruling would itself be legal error and plainly inconsistent with the purposes of Rule 60(a). See In re Water, 282 F.3d at 440; Blanton, 813 F.2d at 1557 n.2. At bottom, there is no mechanical error in the Judgment that entitles Nissan to Rule 60(a) relief. For the foregoing reasons, Nissan's Motion (Doc. No. 294) is **DENIED**.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE